December 14, 2007

ACGME

Accreditation Council for
Graduate Medical Education

515 North State Street
Suite 2000
Chicago, Illinois 60610

Phone 312.755.5000
Fax 312.755.7498
www.acgme.org

Rhonda C. Latif, MD
Director, Obstetrics-Gynecology Residency Program
Atlanta Medical Center
Department of Obstetrics and Gynecology
303 Parkway Drive NE, Box 423
Atlanta, GA 30312

Dear Dr. Latif,

The Residency Review Committee for Obstetrics and Gynecology, functioning in accordance with the policies and procedures of the Accreditation Council for Graduate Medical Education (ACGME), has reviewed the information submitted regarding the following program:

> Obstetrics and Gynecology
>
> Atlanta Medical Center Program
>      Atlanta Medical Center
> Atlanta, GA
>
> Program 2201222077

Based on all of the information available to it at the time of its recent meeting, the Review Committee confirmed the following adverse action:

> Status: Expedited Withdraw
> Effective Date: 06/30/2008
> Response Dated: 11/16/2007

The decision to take this adverse accreditation action is based on the Review Committee's judgement that there is clear evidence that the program is egregiously noncompliant with ACGME's Requirements for Graduate Medical Education as detailed in the citations confirmed in this letter.

After reviewing the information that was submitted in response to the proposed adverse action, the Review Committee confirmed the following citation(s):

Citation #1

Residents report violations of duty hour requirements and further report that the program director changes their reports when submitted. (Field Survey Report, pages 28-30, 42. ACGME Survey. Program Requirements, VI. D)

PROGRAM DIRECTOR'S RESPONSE:
The program disputes this citation, citing "several mechanisms" with which duty hour requirements are inforced.

COMMITTEE RESPONSE:
The Committee noted, however, that the Field Surveyor interviewed several residents in arriving at this statement concerning duty hours.

The Committe, therefore sustained this citation.

Confidential - Not Subject to FOIA          EXHIBIT 8          TENET-OIG-00040035

Citation #2

There is no in-house attending coverage on labor and delivery for substantial periods of time. (Field Survey Report, pages 24, 29, 39. Program Requirements, III. A. 4.a; VI. B)

PROGRAM DIRECTOR'S RESPONSE:
The program responds that at least one faculty member is present at all times.

COMMITTEE RESPONSE:
The Committee, however, noted comments about the lack of in-house attending coverage on labor and delivery by the Field Surveyor.

The Committee, therefore, sustained this citation.

Citation #3

There is no attending coverage of ambulatory clinics in the hospital and at outside sites much of the time. (Field Survey Report, pages 24, 39. Program Requirements, III. A. 4. a and VI. B)

PROGRAM DIRECTOR'S RESPONSE:
The program says that alternate faculty are available for coverage.

COMMITTEE RESPONSE:
The Committee, however, noted comments by the Field Surveyor concerning the lack of attending coverage.

The Committee, therefore, sustained this citation.

Citation #4

There is little faculty input into the didactic sessions, and many conferences are not held as outlined in the PIF. (Field Survey Report, pages 18-19, 21, 27, and IV. A)

PROGRAM DIRECTOR'S RESPONSE:
The program says that lecture schedules were available for the site visitor.

COMMITTEE RESPONSE:
The Committee noted that residents and not faculty were involverd in the didactic sessions.

The Committee, therefore, sustained this citation.

Citation #5

There is an atmosphere of abuse and fear among the resident staff. Some residents believe that the program director is abusive, and some residents are afraid to bring problems forward with the program director. (Field Survey Report, pages 35-37, 39. Program Requirements, II. A. 4)

PROGRAM DIRECTOR'S RESPONSE:
The program director says that the abuse was by "stipended faculty members."

COMMITTEE RESPONSE:
The Committee noted that several residents, not just one or two, confided in the Field Surveyor concerning abusive behavior by faculty.

The Committee, therefore, sustained this citation.

Citation #6

Rhonda C Latif, MD
Page 3

The program director does not provide proper oversight of the program. (Field Survey Report, pages 12, 38-39. Program Requirements, II. A. 4)

PROGRAM DIRECTOR'S RESPONSE:
The program does not dispute this citation.

COMMITTEE RESPONSE:
The Committee noted that the program director did not dispute this citation.

The Committee, therefore, sustained this citation.

Citation #7

There is little scholarly activity among the faculty. Residents have no time to pursue research. (Field Survey Report, page 13. Program Information Forms, page 43. Program Requirements, IV. B)

PROGRAM DIRECTOR'S RESPONSE:
The program director mentions a limited number of full-time faculty as the reason why research is superseded by clinical supervision.

COMMITTEE RESPONSE:
The Committee felt that the program did not adequately address the area of limited scholarly activity.

The Committee, therefore, sustained this citation.

Citation #8

There is excessive attrition in the program. The residents attribute this to the lack of teaching, and service over education requirements. (Field Survey Report, pages 17, 39. Program Requirements, II. A. 4)

PROGRAM DIRECTOR'S RESPONSE:
The program director describes extensively the various situations in which residents left the program.

COMMITTEE RESPONSE:
The Committee noted various reasons given for attrition in the program, but concluded that the attrition rate was still rather high.

The Committee, therefore, sustained this citation.

Citation #9

There are indications of service at the expense of education. For example, there is serious understaffing of midwives. (Field Survey Report, page 31. Program Introduction, A. 1)

PROGRAM DIRECTOR'S RESPONSE:
The program director did not rebut this citation.

COMMITTEE RESPONSE:
The Committee noted that this citation was not rebutted.

The Committee, therefore, sustained this citation.

Citation #10

Confidential - Not Subject to FOIA

Rhonda C Latif, MD
Page 4

Residents do not believe that the program has adequate non-physician personnel to support educational activities. There also appears to be inadequate appropriate sleeping facilities, with non-residents utilizing call rooms. (Program Information Forms, pages 14, 16, Program Requirements, II. D. 4.)

PROGRAM DIRECTOR'S RESPONSE:
The program director mentions the inspection of the various sleeping facilities, and the use by medical students of these facilities.

COMMITTEE RESPONSE:
The Committee still judged that the conditions were inadequate.

The Committee, therefore, sustained this citation.

Citation #11

It is reported that goals and objectives are not consistently organized in the ACGME Competency based format, and that residents report that they are not handed out or reviewed prior to a rotation. (Field Survey Report, page 18, Program Requirements, IV. A. 2)

PROGRAM DIRECTOR'S RESPONSE:
The program director mentions the use of CREOG educational objectives.

COMMITTEE RESPONSE:
The Committee still judged that the goals and objectives in the program were not organized in the ACGME competency based format.

The Committee, therefore, sustained this citation.

The Committee felt that, on balance, the lack of faculty interest in teaching, the existence of service at the expense of education, alleged abusive behavior by some faculty towards the residents, and the lack of institutional support for the program were compelling reasons for sustaining the decision for expedited withdrawal

Once the program director has received this notification, no residents may be newly appointed to the program unless the action is appealed. All current residents and applicants (those invited for interviews) to the program must be advised in writing of the program's status, and a copy of the appropriate written notification must be submitted to this office within fifty (50) days of the date of this letter, whether or not the action is appealed.

For information concerning appeal of this action, please see the enclosed document entitled "Procedures for Appeal of Expedited Withdrawal of Accreditation."

Residents presently under contract should be advised to consult with the appropriate specialty Board regarding the date until which they may expect to receive credit toward certification requirements.

When corresponding with this office, please identify the program by name and number as indicated above.

Sincerely yours,

[signature]

Paul O'Connor, Ph.D.
Executive Director
Residency Review Committee for Obstetrics and Gynecology
(312)755-5039
poc@acgme.org

CC: Steven L. Saltzman, MD

Confidential - Not Subject to FOIA		TENET-OIG-00040039

Rhonda C Latif, MD
Page 6

Confidential - Not Subject to FOIA

TENET-OIG-00040040

## ACGME PROCEDURES FOR APPEAL OF EXPEDITED ADVERSE ACCREDITATION ACTIONS
### EFFECTIVE DATE: JULY 1, 2005

1. If the Review Committee takes an adverse action of expedited withdrawal of accreditation, the program may request a hearing before an appeals panel. If a written request for such a hearing is not received by the Executive Director of the ACGME within 21 days following receipt of the Letter of Notification, the action of the Review Committee will be deemed final and not subject to further appeal.

2. If a hearing is requested, the appeals panel shall consist of the ACGME Executive Committee, plus one public director of the ACGME, and the action of this appeals panel shall constitute the final action of the ACGME.

3. When a hearing is requested, the following policies and procedures shall apply:

    a. The Executive Director of the ACGME shall set an expedited schedule for the appeal procedures. Hearings conducted in conformity with these procedures may be by conference call or otherwise, as determined by the ACGME.

    b. When a program requests a hearing before an appeals panel, the program holds the accreditation status determined by the Review Committee with the term *under appeal* affixed to the status. For example, if the Review committee determines expedited withdrawal status for a program, and the program appeals the decision, the status of the program shall be *expedited withdrawal, under appeal*. This accreditation status shall remain in effect until the ACGME makes a final determination on the accreditation status of the program.

    Nonetheless, at this time residents and any candidates (applicants who have been invited to interview with the sponsoring institution) must be informed in writing as to the confirmed adverse action taken by the Review Committee on the accreditation status. A copy of the written notice must be sent to the Executive Director of the Review Committee within 21 days of receipt of the Review Committee's Letter of Notification.

    c. The program will be given the documents before the Review Committee at its confirming the adverse action.

    d. The documents comprising the program file, the record of the Review Committee's action, together with oral and written presentations to the appeals panel, shall be the basis for the decision of the appeals panel.

    e. The appeals panel shall meet to review the written record and receive the presentations. The appropriate Review Committee shall be notified of the hearing, and a representative of the Review Committee may attend the hearing in order to be available to the appeals panel to provide clarification of the record.

    f. Proceedings before an appeals panel are not of an adversary nature as typical in a court of law, but rather provide an administrative mechanism for peer review of an accreditation decision about an educational program. The appeals panel shall not be bound by technical rules of evidence usually employed in legal proceedings.

Confidential - Not Subject to FOIA

-2-

g.  The program may not amend the statistical or narrative descriptions on which the action of the Review Committee was based in preparing for an appeal hearing; the file is considered "frozen" at that time with respect to the addition of any information not previously presented to the Review Committee. The appeals procedures limit the appeals panel's jurisdiction to clarification of information at the time when the adverse action was confirmed by the Review Committee. Information about the program subsequent to that time may not be considered in the appeal. Furthermore, the appeals panel shall not consider any changes in the program or descriptions of the program that were not in the record at the time when the Review Committee reviewed the program and confirmed the adverse action.

h.  When there have been substantial changes in a program and/or correction of citations after the date of the confirmed action by the Review Committee, a program should forego an appeal and request a new evaluation and accreditation decision. Such an evaluation shall be conducted in accordance with ACGME procedures, including an on-site survey of the program. The adverse status shall remain in effect until a re-evaluation and an accreditation decision has been made by the Review Committee.

i.  Presentations shall be limited to clarifications of the record and to arguments which address compliance by the program with the published standards for accreditation and the review of the program according to the administrative procedures which govern accreditation of GME programs. The appeals panel shall consider materials and oral arguments based thereon, but shall not consider oral testimony. The duration of the hearing and elements thereof shall be set prior to the hearing by the appeals panel.

j.  The appellant shall communicate with the appeals panel only at the hearing or in writing through the Executive Director of the ACGME.

k.  The appeals panel shall make decisions as to whether substantial, credible, and relevant evidence exists to support the action taken by the Review Committee in the matter that is under appeal. The appeals panel, shall, in addition, decide whether there has been substantial compliance with the administrative procedures which govern the process of accreditation of GME programs.

l.  The program may submit additional written material days after the hearing within a time to be determined by the appeals panel. The intention to submit such material must be made known to the appeals panel at the hearing.

m.  The appeals panel shall make its decisions within 20 days after receipt of additional written material.

n.  The decision of the appeals panel in this matter shall be final. There is no provision for further appeal.

o.  The Executive Director of the ACGME shall, within 15 days following the final decision, notify the program under appeal of the decision of the ACGME.

p.  The appellant is fully responsible for the Appeal Fee as set yearly by the ACGME. Expenses of the appeals panel members and the associated administrative costs shall be shared equally by the appellant and the ACGME.

Confidential - Not Subject to FOIA

TENET-OIG-00040042

Rhonda C Latif, MD
Page 1

Confidential - Not Subject to FOIA

TENET-OIG-00040043